IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


BRUCE J. ROGERS                                                    PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 1:05cv166WJG-JMR

CITY OF OCEAN SPRINGS  c/o
MARK HARE                                                          DEFENDANT

O R D E R


This matter is before the Court on the motion of the Defendant, City of Ocean Springs
[Ocean Springs], to dismiss [7-1] pursuant to Federal Rules of Civil Procedure 12(b)(5) & (6).
The Court has duly considered the record in this action, in addition to the briefs, and being fully
advised in the premises, concludes as follows.

According to the Defendant, the Plaintiff, Bruce J. Rogers, proceeding *pro se*, failed to
properly effect service of process on Ocean Springs, in accordance with Rule 4(j)(2) of the
Federal Rules of Civil Procedure.  (Ct. R., Doc. 7, p. 1.)  The summons was served on Fire Chief
Mark Hare, an individual who is not the chief executive officer, mayor, or city clerk of Ocean
Springs.  (*Id.*; Exh. A.)  The summons was delivered to 1226 Bienville Blvd., Ocean Springs,
Mississippi on July 1, 2005.  (*Id.*)  City Hall is located at 1018 Porter Avenue in Ocean Springs.
(Ct. R., Doc. 7, p. 1.)  Because service was not properly served, the Defendant seeks dismissal of
the suit.  (*Id.*, p. 2.)

The Defendant also argues that the Plaintiff has failed to state a claim upon which relief
can be granted.  (*Id.*)  Ocean Springs contends that the complaint appears to seek relief based on

a civil rights violation due to a failure to promote; that Rogers should have pleaded that he is a member of a protected class; that the alleged adverse employment decision was discriminatory; and that he was qualified for the promotion which may form the basis for the lawsuit.  (*Id.*) Rogers did not include a right to sue letter with his complaint to establish that he filed a complaint with the Equal Employment Opportunity Commission [EEOC], a necessary prerequisite to such a suit, according to the Defendant.  (*Id.*)  Ocean Springs maintains that Rogers failed to plead facts supporting an allegation that he was deprived of any interest afforded by the United States Constitution.  (*Id.*)  In the alternative, Ocean Springs requests that Rogers provide a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure, clarifying the basis for the lawsuit.  (*Id.*)

The Plaintiff 's response claims that Hare was served in accordance with the rules of the Civil Service Commission [CSC].  (Ct. R., Doc., 10, p. 1.)  Rogers appears to contend that he was denied overtime.  (*Id.*)  He maintains that he was retaliated against because he sent a letter to the CSC expressing concerns for the safety of members of the Ocean Springs fire department and citizens of Ocean Springs.  (*Id.*)  He further contends that he was denied the rights guaranteed under the Fourteenth Amendment of the United States Constitution and seeks protection under the Whistleblower Protection Act.  (*Id.*, p. 2.)  He asserts that he was denied reimbursement for travel expenses for a class at the Mississippi State Fire Academy during April 2005 subsequent to filing his charge of discrimination with the EEOC.  (*Id.*)  He also seeks appointment of counsel. (*Id.*)

According to the allegations of the complaint and the amended complaint, Rogers was denied an opportunity for a promotion and for overtime pay, because, "[t]he City of Ocean

Springs and the representatives have used their power to overcome fair acts within their administration to unjustly treat me."  (Ct. R., Doc. 1., p. 2.)  Rogers contends that he was not promoted in accordance with procedure in August 2004, that he was denied the opportunity to work overtime, and that he did not receive the same pay for attending the state fire academy as another fire fighter that attended at the same time.  (Ct. R., Doc. 3, p. 1.)  He avers that Ocean Springs has treated him unfairly and that he should be compensated for this treatment.  (*Id.*)  The complaint includes a copy of the findings of the EEOC on Rogers' charge of discrimination.  (Ct. R., Doc. 1, Exh. A.)

The return on the service issued to Hare provides that Rogers served the complaint himself on July 1, 2005.  (Ct. R., Doc. 5.)

<u>Discussion</u>

Ocean Springs seeks dismissal of the case because Rogers failed to properly effect service of process and in addition, because Rogers failed to state a claim upon which relief can be granted. (Ct. R., Doc. 7.)  Finally, within Rogers' response to the motion to dismiss, he seeks appointment of counsel to assist in prosecution of this lawsuit.  The Court will address each of these issues separately.

I.    <u>Failure to Properly Serve Process</u>

Both the Federal and Mississippi Rules of Civil Procedure 4 provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."  FED. R. CIV. P. 4(c)(2); MISS. R. CIV. P. 4(c)(2).  In addition, Rule 4 provides as follows regarding service on a municipal entity:

> (2) Service upon a state, municipal corporation, or other governmental
> organization subject to suit shall be effected by delivering a copy of the summons

and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Federal Rules of Civil Procedure Rule 4(j)(2).

A plaintiff is expressly prohibited from personally serving process upon a defendant. *See Browne v. N.Y.S. Court Sys.,* 599 F. Supp. 36, 38 (E.D. N.Y. 1984); *Boltes v. Entex*, 158 F.R.D. 110, 114 (S.D. Tex. 1994). Roger's attempt to service process on Ocean Springs was not effective under Federal Rule of Civil Procedure 12(b)(5). Under both the Federal and Mississippi Rule of Civil Procedure 4(c)(2), Rogers, as a party to the action, is not authorized to personally serve process in this case. In addition, Roger's could have satisfied Rule 4(j)(2) by serving Ocean Springs in the manner prescribed by Mississippi law for the service of summons on a city. FED. R. CIV. P. 4(j)(2). An individual's *pro se* status does not excuse failure to comply with Rule 4 service of process requirements. *Perry v. Andy*, 858 So.2d 143, 148-9 (Miss. 2003); *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.); *see Faretta v. California*, 422 U.S. 806, 834  (1975).

The Court recognizes that a plaintiff may be allowed further time to perfect service rather than dismissing a party from a suit. *See* Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1137; *Traina v. United States*, 911 F.2d 1155, 1156 (5th Cir. 1990). Rogers personally served process, which is not permissible under the law, and caused service on the city to be served to the wrong person. The Plaintiff mistakenly believed that the method used was appropriate. The Court concludes that given his *pro se* status, Rogers has shown good cause for failure to serve the Defendant within the 120-day time limit.

In the alternative, if Rogers' reason for failing to properly serve the Defendant, his mistaken belief he could personally serve process, does not constitute good cause, the Court will exercise its discretion to extend the time period for serve of process to encompass 20 days from the entry date of this order, or by no later than March 6, 2006.   Failure to comply with the terms of this order will result in dismissal of this suit without further notice to the Plaintiff.  The Court, therefore, finds that the Defendant's motion to dismiss for failure to timely perfect service of process should be denied.

II.     <u>Dismiss for Failure to State a Claim</u>

Under Federal Rule of Civil Procedure 12(b)(5) a suit can be dismissed because of failure to properly perfect service of process.  To withstand a motion to dismiss under this rule, the party on behalf of whom service is attempted bears the burden of proving its validity.  *Robinson v. Turner,* 886 F. Supp. 1460, 1461 (S.D. Ind.1995).  Motions to dismiss are to be granted sparingly so parties are not denied the chance to have their substantive claims heard.  *Id.*

A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir. 1992).  A *pro se* complaint should not be dismissed for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) without affording the plaintiff an opportunity to amend the complaint. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  In deference to Rogers' *pro se* status, the Court will allow Rogers 15 days from the entry date of this order, or by no later than February 28, 2006, to amend the complaint to adequately state his claims under the law.  Again, should Rogers fail to comply with this deadline, the suit will be dismissed without further notice to him.  The Court further finds that the motion to dismiss for failure to state a claim on which relief can be

granted should be denied, subject to proper amendment of the complaint.  The Defendant will be allowed to advance any relevant dispositive motions after that time.

III.    Appointment of Counsel

Rogers has requested appointment of counsel within his response to the motion to dismiss.  Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff.  Under 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel."  Also, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney."  "There is no constitutional or . . . statutory right to counsel in federal civil cases."  *Farmer v. Haas,* 990 F.2d 319, 323 (7th Cir. 1993).

The issue is resolved through a fact-specific inquiry.  *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982).  In determining whether a Title VII plaintiff is eligible for appointment of counsel, courts  should consider the following:  (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel.  *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir. 1977), *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984).

To prevail on Rogers' Title VII and related state claims, if any, he must first prove a *prima facie* case by a preponderance of the evidence.  To prove a *prima facie* Title VII case, Rogers  must prove by a preponderance of the evidence that:  (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) he was either replaced by someone outside the protected class, and/or others outside the class

were treated more favorably.  If he is able to do so, the defendant must then rebut the presumption of intentional discrimination arising from the *prima facie* case by articulating legitimate, non-discriminatory reasons for the challenged action.  Once the defendant has offered non-discriminatory reasons for the action, Rogers may counter, if he can, with evidence that the purported legitimate, non-discriminatory reasons are really a pretext for prohibited discrimination.  *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511-12 (1993), *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5 Cir.  2002).

The Court has examined the pleadings in conjunction with the motion to dismiss, and is unable to conclude that Rogers' claims have merit.  Rogers has established that he attempted to obtain counsel and was unable to do so, most likely because his claims lack merit.  He has also not established that he is financially unable to afford counsel.  Accordingly, the Court finds that the Plaintiff's motion for appointment of counsel should be denied.  It is therefore;

ORDERED AND ADJUDGED that the Rogers be allowed an additional 20 days to properly perfect service of process on Ocean Springs, or by no later than March 6, 2006.  It is further,

ORDERED AND ADJUDGED that Rogers amend his complaint to specify facts supporting each of his claims and outline specifically the basis for each claim within 15 days, or by no later than February 28, 2006.  Following this, the Defendant shall be permitted to advance any dispositive motions which may be appropriate.  It is further,

ORDERED AND ADJUDGED that Ocean Springs's motion to dismiss [7-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that Plaintiff's failure to comply with either of the deadlines established herein will result in the immediate dismissal of his complaint, without further notice to the Plaintiff.  It is further,

ORDERED AND ADJUDGED that each party bear its respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 13th day of February, 2006.


_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE