IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRUCE J. ROGERS                                                 PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:05cv166WJG-JMR

CITY OF OCEAN SPRINGS
c/o MARK HARE                                             DEFENDANT

MEMORANDUM OPINION

This matter is before the Court on the motion [14-1] of Defendant City of Ocean Springs [Ocean Springs], to dismiss the second amended complaint in this case pursuant to Federal Rules of Civil Procedure 12(b)(5) & (6). The Court has duly considered the record in this action, in addition to the briefs, and being fully advised in the premises, concludes as follows:

According to Defendant, Plaintiff, proceeding *pro se*, failed to properly effect service of process on Ocean Springs, in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure. (Ct. R., Doc. 14, p. 1.) Ocean Springs asserts that the summons and complaint was not properly served by delivery to the chief executive officer or by complying with state civil procedure rules. (*Id*.) In addition, the court order allowing Rogers to amend his complaint specified that service must be perfected by March 6, 2006, or the claim would be dismissed. (*Id*.) Ocean Springs argues that because service was not properly served, the lawsuit should be dismissed. (*Id*.)

Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted. (*Id*.) Ocean Springs contends that the complaint appears to seek relief based on a civil rights violation due to a failure to promote, and denial of expense and overtime pay. (*Id*., pp. 1-

2.)  Ocean Springs maintains that Rogers did not plead that he is a member of a protected class, that the alleged adverse employment decision was discriminatory, and that he was qualified for the promotion which may form the basis for the lawsuit.  (*Id*.)  Ocean Springs maintains that Rogers failed to plead facts supporting an allegation that he was deprived of any interest afforded by the United States Constitution.  (*Id*.)

According to the allegations of the amended complaint, Rogers was denied an opportunity for a promotion and for overtime pay, because, "[t]he City of Ocean Springs and the representatives have used their power to overcome fair acts within their administration to unjustly treat me."  (Ct. R., Doc. 1., p. 2.)  Rogers contends that he was not promoted in accordance with procedure in August 2004, that he was denied the opportunity to work overtime, and that he did not receive the same pay for attending the state fire academy as another fire fighter that attended at the same time.  (Ct. R., Doc. 3, p. 1.)  He avers that Ocean Springs has treated him unfairly and that he should be compensated for this treatment.  (*Id*.)

## Discussion

Defendants request that the Court dismiss Rogers' second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6).  Under Federal Rule of Civil Procedure 12(b)(5) a suit can be dismissed because of failure to properly perfect service of process.  Rule 12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the plaintiff failed "to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion is viewed with disfavor by the law and is rarely granted.  *Priester v. Lowndes County,* 354 F.3d 414, 419 (5th Cir. 2004).

To avoid dismissal on a 12(b)(6) motion, the plaintiff must have plead specific facts, not mere conclusional allegations.  *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.

1994).  With these facts, the plaintiff is required to "allege all of the elements of a right to recover against a defendant." *Tuchman,* 14 F.3d at 1067.  The plaintiff's factual allegations are accepted as true and a claim will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The question the Court must consider when ruling on a Rule 12(b)(6) motion is:  "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999).

Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may move to dismiss an action for "insufficiency of service of process."  Service of process is intended to give notice to a defendant and, due process requires that service of process must be reasonably calculated to reach the defendant.  *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (stating "due process [requires] . . . notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")

Both the Federal and Mississippi Rules of Civil Procedure 4 provides as follows regarding service on a municipal entity:

> (2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

FEDERAL RULES OF CIVIL PROCEDURE Rule 4(j)(2).

Rogers could have satisfied rule 4(j)(2) by serving Ocean Springs in the manner prescribed by the Mississippi law for the service of summons on a city.  FED.R.CIV.P. 4(j)(2).

-3-

Because Rogers failed to properly perfect service of process in this case, after he was forewarned by the Court that proper service was essential to avoid dismissal of the suit, the Court finds that Defendant's motion to dismiss for insufficiency of service of process should be granted.

Even if Rogers had properly served Ocean Springs with process, the amended complaint would be subject to dismissal for failure to state a claim upon which relief can be granted. Rogers contends that he was deprived of due process under the 14th Amendment.  (Ct. R., Doc. 12, p. 2.)  He refers to the allegations in his first and second complaint as providing further information concerning these allegations.  (*Id*., p. 1.)  According to the allegations of the complaint and the first amended complaint, Rogers was denied an opportunity for a promotion and for overtime pay, because, "[t]he City of Ocean Springs and the representatives have used their power to overcome fair acts within their administration to unjustly treat me."  (Ct. R., Doc. 1., p. 2.)  Rogers contends that he was not promoted in accordance with procedure in August 2004, that he was denied the opportunity to work overtime, and that he did not receive the same pay for attending the state fire academy as another fire fighter that attended at the same time.  (Ct. R., Doc. 3, p. 1.)  He avers that Ocean Springs has treated him unfairly and that he should be compensated for this treatment.  (*Id*.)  To show a due process violation in the public employment context, the plaintiff must first show he had a legally recognized property interest at stake.  *State of Tex. v. Walker*, 142 F.3d 813, 838 (5th Cir. 1998), *cert. denied* 525 U.S. 1102 (1999).  Under Mississippi law, there is no property interest in the particular duties and responsibilities of a job. *See Mississippi Forestry Comm'n v. Piazza*, 513 So.2d 1242, (Miss. 1987); *see Quives v. Campbell*, 934 F.2d 668, 671 (5th Cir. 1991).  There is no evidence in this case that Rogers ever held the position he sought and he cannot hold a property interest in a job he never held.  *Lollar v. Baker*, 196 F.3d 603, 608 (5th Cir. 1999).  The Court, therefore, concludes that any due

process claims advanced by Rogers for an alleged failure to promote should be dismissed for failure to state a claim.

Rogers contends that he was not paid for the overtime he worked. (Ct. R., Doc. 12, p. 2.) The Court finds that Rogers may not maintain claims for overtime pay pursuant to 42 U.S.C. § 1983 against Ocean Springs because the Fair Labor Standards Act [FLSA] provides the exclusive remedy for claims of this nature. Rogers seeks back pay for overtime hours he allegedly worked and for which he claims he was not paid. (Ct. R., Doc. 12, p. 2.) The failure to pay overtime is one of the main purposes for the enactment of the FLSA, and comprehensive remedies are provided by the FLSA to remedy such violations. *See Jackson v. City of Atlanta, Tex.,* 73 F.3d 60, 63 (5th Cir.), *cert. denied,* 519 U.S. 818 (1996). Accordingly, the Court concludes that any claim raised by Rogers for overtime pursuant to section 1983 should be dismissed.

Rogers also contends that Ocean Springs owes him additional reimbursement for expenses incurred in travel for his job. (Ct. R., Doc. 12, p. 2.) An essential element of an action under section 1983 is the existence of a constitutionally protected liberty or property interest. 42 U.S.C. § 1983 creates a federal cause of action for the deprivation of liberty and property interests protected by the United States Constitution or laws. *See Board of Regents v. Roth,* 408 U.S. 564, 569 (1972). Rogers must show he had a property interest in the expenses before he can establish that he was deprived of an interest without due process of law. This showing must be more that mere allegations of entitlement. *Drs. Bethea, Moustoukas, & Weaver, LLC v. St. Paul Guardian Ins.*, 376 F.3d 399, 403 (5th Cir. 2004). Rogers has not shown how he determined that he was allegedly not properly reimbursed for travel expenses, nor established that he took advantage of any administrative processes to rectify the alleged wrong prior to bringing this lawsuit. *See i.e., Parratt v. Taylor,* 451 U.S. 527, 538 (1981) *overruled in part on other grounds,*

*Daniels v. Williams,* 474 U.S. 327, 330-1,(1986); *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984).

Consequently, it is apparent from Rogers' own pleadings and the applicable law that Rogers has not and cannot state a claim under section 1983 and the Fourteenth Amendment for deprivation of a protected property interest.  Therefore, the Court concludes that any property interest claim under section 1983 for alleged unpaid travel expenses should be dismissed for failure to state a claim upon which relief may be granted.  *Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 791 (N.D. Tex. 2001).  Although his claim for expense reimbursement may be substantial in his eyes, unfortunately the claim does not rise to constitutional proportions.  The Court, therefore, finds that Defendant's motion to dismiss for failure to state a claim on which relief may be granted should be granted.

## Conclusion

For the reasons set forth in this Memorandum Opinion, the Court finds that Ocean Springs' motion [14-1] to dismiss Plaintiff's second amended complaint should be granted; and further that each party should bear their respective costs.  A separate Final Judgment shall issue.

THIS the 23rd day of June, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE